NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY ORTIZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> CALIFORNIA DEPARTMENT OF ) <br> CORRECTIONS AND ) <br> REHABILITATION, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | No. C 07-5089 JF (PR) <br><br> ORDER OF DISMISSAL WITHOUT PREJUDICE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS <br><br><br> (Docket No. 7) |

Plaintiff, a state parolee proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. It is apparent from the complaint that Plaintiff seeks a writ of habeas corpus. The complaint is DISMISSED without prejudice. Plaintiff is GRANTED leave to proceed in forma pauperis.

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

Order of Dismissal Without Prejudice
G:\PRO-SE\SJ.Jf\CR.07\Ortiz089disrem.wpd          1

immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The majority of Plaintiff's allegations are unintelligible. For example, he alleges, "S.F. Parole . . . . put me in a building case settlement of Safety Healthy Codes of California as roof pooring water sheet rock left = (toxic) I get paid $10.00 to take down when no one else would and the exposed in a cell like room roof undone! Settlement #821052 . . . " In the section of the co form for listing defendants, he states: "CDCR Unit 4 . . . parole officer ordered me to live for home whereabouts is qualified CDCR rules and property owner gave me money for building collapse in room etc. . . ." The Court cannot discern from these allegations what claims Plaintiff wishes to present, let alone whether he has properly alleged the required elements of a 42 U.S.C. § 1983 claim.

In the section of the form for specifying the relief Plaintiff is seeking, Plaintiff alleges that San Francisco police officers and prosecutors acted improperly in connection with his placement on parole. Plaintiff states that the relief he seeks in this action is a writ of habeas corpus. The Supreme Court has consistently held that any claim by a prisoner attacking the fact or duration of his confinement must be brought by way of a petition for a writ of habeas corpus. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997). In particular, a prisoner must file a habeas petition if the nature of his claim is such that it may result in his entitlement to an earlier release, such as a claim for violation of rights in connection with parole. See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997); see also Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990); Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989). A civil rights complaint seeking habeas relief is subject to dismissal without prejudice to the prisoner's bringing his claim in a petition for a writ of habeas corpus. See Trimble v.

City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

## CONCLUSION

As the present civil rights complaint, to the extent it is intelligible, seeks habeas relief, it is DISMISSED, without prejudice to plaintiff's refiling his claims in a petition for a writ of habeas corpus after he has exhausted those claims in the state courts. The application to proceed in forma pauperis is GRANTED.[1]

The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 2/29/08

JEREMY FOGEL
United States District Judge

---

[1] As Plaintiff is a parolee and not a prisoner, the provisions of PLRA, codified at 28 U.S.C. § 1915(B)(1), requiring an initial partial payment and future installment payments of the filing fee do not apply.

1  A copy of this ruling was mailed to the following:

2

3  Jimmy Ortiz
   F-27017
   540 Jones Street, #505
4  San Francisco, CA 94103

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28